# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7049 | **DATE** | 12/21/2001 |
| **CASE TITLE** | Vigortone AG Products Inc. vs. PM AG Products Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Provimi's Motion for Attorney Fees is granted, with modification, in the amount of $1,000,000. Without objection, Provimi is awarded costs of $75,254.19. PM Ag is ordered to pay $1,075,254.19.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 2 6 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 120 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 DEC 21 PM 2:21 | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 2 6 2001

VIGORTONE AG PRODUCTS, INC.,
formerly known as Provimi
Acquisition Corporation,

    Plaintiff,

v.

PM AG PRODUCTS, INC.,

    Defendant.

Case No. 99 C 7049

Judge Harry D. Leinenweber

FILED
DEC 21 2001
Judge Harry D. Leinenweber
U.S. District Court

## MEMORANDUM OPINION AND ORDER

On June 15, 2001, a jury returned verdicts in favor of Provimi on its fraud claim in the amount of $12,000,000 and on its breach of contract claim in the amount of $3,000,000. In an October 19, 2001, Opinion and Order, the court ruled that the verdicts were duplicative, limiting Provimi's recovery to $12,000,000 total. Now before the court is Provimi's bill of costs and motion for attorney fees.

### BILL OF COSTS

Provimi seeks to recover $75,254.19 in taxable costs pursuant to 28 U.S.C. § 1920. Provimi may recover costs as authorized by the statute so long as they are reasonable and necessary to the litigation. *See Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). The losing



party has the burden to affirmatively show that the prevailing party is not entitled to costs, *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991), as such costs are presumptively awarded to the prevailing party. *See FASA Corp. v. Playmates Toys, Inc.*, 108 F.3d 140, 144 (7th Cir. 1997).

Provimi has attached to its petition an affidavit from its lead attorney justifying its taxable expenses and exhibits detailing each expenditure. Provimi seeks $225.00 in clerk fees, $125.00 in service and subpoena fees, $21,889.16 in court reporter and transcript fees, $14,595.33 in witness fees, $38,399.70 in exemplification fees, and $20.00 in docket fees. A review of the affidavit and exhibits confirms Provimi's assertion that it seeks only those costs specifically authorized by 28 U.S.C. § 1920. PM Ag raises no objections to Provimi's petition, and after reviewing Provimi's submissions, the court finds the requested costs both reasonable and necessary. Accordingly, the court awards Provimi taxable costs of $75,254.19.

### MOTION FOR ATTORNEY FEES AND NON-TAXABLE EXPENSES

Provimi requests $1,476,109.65 in attorney fees, expert fees, and other non-taxable costs pursuant to the indemnification provision of the Asset Purchase Agreement ("Agreement"). This figure encompasses fees and expenses incurred in prosecuting its breach of contract and fraud claims.

PM Ag challenges this figure, arguing that the expenses related to Provimi's fraud claim are not recoverable under the Agreement and that many of the listed expenses are unreasonable.

The attorney fee award is governed by the Agreement, but neither party addresses the issue of what law governs the attorney fee award. Although both parties cite cases interpreting Illinois law, they previously agreed that Delaware law governs the contract. Accordingly, the court shall apply Delaware law.

Delaware courts follow the American rule, which holds litigants responsible for paying their own counsel fees in the absence of either statutory or contractual fee-shifting. *Burge v. Fidelity Bond and Mortg. Co.*, 648 A.2d 414, 421 (Del. 1994). When attorney fees are awarded pursuant to a contract, the award of fees is limited to those specifically provided for in the contract. *See Council of Wilmington Condominium v. Wilmington Ave. Assoc., L.P.*, 1999 WL 1223792, at *2 (Del. Super. 1999). Delaware law limits fee awards, including awards made under contractual provisions similar to this one, to those fees that are reasonably incurred in the prosecution of the action. *See Princess Hotels, Int'l, Inc. v. Delaware State Bar Ass'n*, 1998 WL 283465, at *7 (Del. Super. 1998); *see also Rock v. Short*, 336 A.2d 219, 221 (Del. 1975). The reasonableness of attorney fees is to be evaluated under the factors listed in Rule 1.5 of the

Delaware Rules of Professional Conduct. *See General Motors Corp. v. Cox*, 304 A.2d 55, 57 (Del. 1973)(citing Canon 2, DR 2-106(B), of the Delaware Canons of Professional Responsibility, superceded by the Rules of Professional Conduct); *Council of Wilmington Condominium*, 1999 WL 1223792, at *3.

In Section 9.1 of the Agreement, PM Ag agreed to "indemnify and hold [Provimi] harmless from and against any and all Losses and Expenses" arising from breach of the Agreement by PM Ag. The parties broadly defined "expenses" to encompass all litigation expenses, including reasonable fees and disbursements of legal counsel, investigators, expert witnesses, consultants, accountants, and other professionals. Thus, the court must examine two issues: whether the legal fees arose from PM Ag's breach of the Agreement and if so, whether the fees are reasonable.

Section 9.1 limits Provimi's recovery of litigation expenses to those arising out of a breach of the Agreement. Although the two claims are related, the essence of Provimi's case rests on its fraud claim, not the breach of contract claim. The jury agreed, awarding Provimi $3,000,000 for breach of contract.

With this in mind, the court must determine if the fees are reasonable. Factors listed in Rule 1.5 include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged . . . for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyers performing the service; and
>
> (8) whether the fee is fixed or contingent.

In addition to the factors listed Rule 1.5, the court notes the Seventh Circuit's admonition that "[t]he best guarantee of reasonableness is willingness to pay." *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) (applying Illinois law).

After reviewing Provimi's requested fees, the court finds that the fees run afoul of only one factor: the amount involved and the results obtained. Provimi had sought more than $15,000,000 in damages, but received only $3,000,000 for the breach of contract claim. At $1,476,109.65, the requested fee is nearly half of Provimi's breach of contract recovery. Given the amount sought and the limited results with respect to the

breach of contract claim, the court finds that a more reasonable fee award would be one-third of the recovery, or $1,000,000.

## CONCLUSION

Based on the foregoing, Provimi's Motion for Attorney Fees is granted, with modification, in the amount of $1,000,000. Without objection, Provimi is awarded costs of $75,254.19. PM Ag is ordered to pay $1,075,254.19.

**IT IS SO ORDERED.**

                                                              Harry D. Leinenweber, Judge
                                                              United States District Court

Dated: December 21, 2001