# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 7049 | DATE | 1/14/2004 |
| CASE TITLE | Vigortone AG Products, Inc. vs. PM AG Products, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiffs' motion to bar the trial testimony of Mark J. Hosfield concerning Provimi's alleged mismanagement of the pig purchase contracts and concerning hedging is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| ☐ | No notices required, advised in open court. | | |
| ☐ | No notices required. | number of notices | |
| ☐ | Notices mailed by judge's staff. | JAN 15 2004 | |
| ✓ | Notified counsel by telephone. | date docketed | 227 |
| ☐ | Docketing to mail notices. | | |
| ☐ | Mail AO 450 form. | docketing deputy initials | |
| ☐ | Copy to judge/magistrate judge. | | |
| | WAP courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

FILED
JAN 14 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
JAN 15 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIGORTONE AG PRODUCTS, INC., formerly known as Provimi Acquisition Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PM AG PRODUCTS, INC.,<br><br>Defendant. | Case No. 99 C 7049<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vigortone Ag Products, Inc. (hereinafter referred to as "Provimi") filed this suit against PM Ag Products, Inc. (hereinafter, "PM Ag") in 1999, asserting, among other things, claims of fraud and breach of contract in connection with sale of Vigortone, Inc., a former subsidiary of PM Ag. Following a trial before this Court, which resulted in a jury verdict against PM Ag for fraud and breach of contract, PM Ag appealed from the judgment against it. The Seventh Circuit reversed the fraud verdict, holding that the jury's finding of justifiable reliance lacked sufficient evidentiary basis, and remanded the case for a new trial on the breach of contract claim. Presently before the Court is Provimi's *Daubert* Motion to Exclude Testimony of Mark J. Hosfield Concerning Provimi's Alleged Mismanagement of the Pig Purchase Contracts and Concerning Hedging.

## I. LEGAL STANDARD

Federal Rule of Evidence 702 provides that if "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may" offer an opinion on the relevant issues. FED. R. EVID. 702. The witness may only offer such an opinion if the proffered testimony is based upon sufficient facts or data and is the product of reliable principles and methods that have been reliably applied to the facts of the case. *Id.* It is the district court's gate keeping obligation to ensure that expert testimony is not only relevant, but reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). In performing that function, the Court may consider several factors, including whether the expert's technique has been tested, subjected to peer review and publication, or accepted within the "relevant scientific community." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-94 (1993).

Under Rule 702, a witness is "qualified as an expert by, knowledge, skill, experience, training, or education. . . ." FED. R. EVID. 702. "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Carroll v. Otis Elevator Co.*, 896 F.2d 210, 212 (7th Cir. 1990). It follows that

if a witness lacks the requisite qualifications, his testimony cannot assist the trier of fact and such testimony should be barred. See *Ancho v. Pentek Corp.*, 157 F.3d 512, 516-18 (7th Cir. 1998); *Israel Travel Advisory Service, Inc. v. Israel Identity Tours, Inc.*, 1993 WL 3873465, *2 (N.D. Ill. 1993).

## II. **DISCUSSION**

### A. **Mr. Hosfield's Testimony on Alleged "Mismanagement"**

Provimi argues that PM Ag's damages expert, Mr. Hosfield, a trained accountant and damages expert, should be barred from testifying on the issues of (1) Provimi's alleged mismanagement of the pig purchase contracts at issue here and (2) the use of commodity futures contracts to hedge the market risks associated with the pig contracts. Specifically, Provimi argues that Mr. Hosfield is unqualified to testify on the issue of Provimi's alleged mismanagement because he has no knowledge, skill, experience, training, or education pertaining to the business of buying, raising, and selling pigs. See Pl. Mot. at 6-7. Provimi also notes that Mr. Hosfield has never even taken an agriculture course. See id. Finally, Provimi argues that Mr. Hosfield has not done any analyses of Provimi's business decisions concerning the pig purchase contracts, and thus possesses no expertise in this area. See id.

The force of Provimi's arguments is strengthened by PM Ag's concession that "Mr. Hosfield is not an expert in raising pigs."

Def. Resp. at 8. PM Ag asserts instead that, contrary to Provimi's claims, Mr. Hosfield did not (and apparently will not) "opine about the reasonableness of any of Provimi's business decisions. . . ." Id. at 6. Although PM Ag acknowledges that Mr. Hosfield has, at a minimum, used the words "mismanagement" in his testimony and expert report, it contends that these statements "relate[] solely to Mr. Hosfield's criticism of Mr. Charnetzki's [Plaintiff's damages expert] valuation methodology" and therefore should not be evaluated under *Daubert*. Id. at 5, 8.

PM Ag's seemingly contradictory position relies on the fact that Provimi has proffered two experts who have calculated damages in different ways. One expert, Mr. Charnetzki, calculated out-of-pocket losses from the closing date of the sale until September 30, 2003, and arrived at damages of approximately $16 million. See Def. Resp. at 5-6. In contrast, Provimi's other expert, Dr. Hayenga, calculated damages by predicting the expected losses of the pig contracts as of the closing date, and arrived at a figure of approximately $9.65 million. See id. Claiming that Mr. Charnetzki's method necessarily considers Provimi's management choices over time, which include the potential mismanagement of the pig contracts, Mr. Hosfield concludes that the disparity of approximately $7 million in the damage figures calculated by Provimi's experts "must include the losses suffered by Provimi through its *mismanagement* of the business and particularly the pig

purchase agreement." *Id.* at 5 (emphasis in original), *citing* Hosfield Dep. at 7-8. Thus, PM Ag argues that Mr. Hosfield's testimony regarding "mismanagement" is not only an "inescapable inference," but is also derived exclusively from Mr. Hosfield's unchallenged expertise in accounting and damages. *See id.* at 6. As a result, PM Ag claims that Mr. Hosfield's challenged testimony reflects only his well-founded – and therefore admissible – criticism of Mr. Charnetzki's methodology. *See id.* at 5-8.

The Court finds that Provimi has the better argument here. Mr. Hosfield's comments pertaining to "mismanagement" go beyond his area of expertise, which is in accounting and professional damages. PM Ag do not refute that Mr. Hosfield has virtually no experience in the business of buying, selling, and raising pigs. As a result, he is simply unqualified to offer any opinion on Provimi's purported "mismanagement" of the pig contracts. *See Ancho,* 157 F. 3d at 516-18; *Israel Travel Advisory Service, Inc.* 1993 WL 38734 at *2.

In sum, Mr. Hosfield's qualifications cannot support his comments on Provimi's alleged "mismanagement." Mr. Hosfield does not need to address purported "mismanagement" to analyze and comment upon Mr. Charnetzki's methodology. In fact, Mr. Charnetzki's expert report is devoid of commentary on the competence of Provimi's management – and so should be the case with Mr. Hosfield's testimony.

## B. Mr. Hosfield's Testimony on Hedging

In his expert report, Mr. Hosfield claims that Provimi could have hedged the market exposure of the pig contracts by "[b]uying contracts to sell lean hogs live hog at futures prices at June 30, 1998 [which] would have created a gain that would offset losses generated through the requirement to sell feeder or weaner pigs at current market." Hosfield Rep. at 13. According to Mr. Hosfield, if Provimi "had chosen to hedge its exposure to the downward movement in prices it could have reduced much of the exposure to any loss on pig contracts." Id. at 14.

Provimi argues that testimony concerning this hedging strategy as a viable mitigation option should be barred under Rule 702 and the principles articulated in Daubert. Specifically, Provimi argues that Mr. Hosfield has virtually no knowledge or experience regarding hedging or trading commodity futures contracts in any industry, much less the pig industry. See Pl. Mot. at 7. Provimi notes that Mr. Hosfield has never taken a course in hedging or commodities or devised a hedging program for any business, aside from a single hedging decision more than twenty years ago. See id. Moreover, Provimi claims that Mr. Hosfield's analyses are "replete with basic errors" and that Mr. Hosfield cannot point to anyone else in the industry who has adopted his hedging strategy. See id. at 10-11.

PM Ag responds by claiming that it "may seek to introduce testimony from Mr. Hosfield that it would have been possible to use a cross-hedging strategy soon after closing to avoid significant claimed damages." Def. Resp. at 9. PM Ag states that "Mr. Hosfield's opinion is based upon his own experience with hedging contracts and his study of hedging in graduate school." Id. PM Ag then states, however, that there is no need for the Court to engage in an extensive *Daubert* analysis because Mr. Hosfield's testimony "will simply meet that of Provimi's lay witnesses who will testify that Provimi acted reasonably to hedge its risk." Id.

In support of the admissibility of Mr. Hosfield's testimony under Rule 702 and *Daubert*, PM Ag cites *Tuf Racing Products, Inc. v. American Suzuki Motor Corp.*, 223 F.3d 585, 591 (7th Cir. 2000) (Posner, J.). The facts in *Tuf Racing Products*, however, are readily distinguishable from the present case. There, the defendant argued that the plaintiff's expert, an accountant, was not qualified to opine on the calculation of discounted present value of lost future earnings because he did not have a degree in a particular academic field, such as economics, statistics or mathematics. See id. The Seventh Circuit disagreed, holding that *Daubert* does not require that an expert have a particular degree in a certain academic field, provided that the expert has "relevant expertise . . . to offer responsible opinion testimony." See id. (emphasis added) The court noted that the "calculation [was] well

within the competence of a C.P.A." *Id.* Thus, *Tuf Racing Products* does not stand for the proposition that an accountant may testify as to any area in which he has passing familiarity.

Here, PM Ag does not offer substantial support for its claim that "Mr. Hosfield has ample experience and expertise" pertaining to commodity futures contracts and hedging. Def. Resp. at 9. PM Ag appears to base its conclusion of "expertise" on Mr. Hosfield's "own experience with hedging contracts." *See id., citing* Hosfield Dep. at 11-17. This experience, however, is principally limited to a single hedging decision made more than twenty years ago. *See* Hosfield Dep. at 6-8. PM Ag does not contend that Mr. Hosfield has had any regular experience in commodity futures contracts or hedging, or any other relevant area, sufficient to provide him with "expertise." Nor does PM Ag contest Provimi's documentation of numerous "basic" errors in Mr. Hosfield's report that purportedly show a fundamental lack of knowledge pertaining to hedging. *See* Pl. Mot. at 10-12; *cf.* Def. Resp. at 8-9. PM Ag contends that Mr. Hosfield's "study of hedging in graduate school" also provides him with "expertise." Def. Resp. at 9. This experience, however, did not include any courses on commodities or hedging. *See* Hosfield Dep. at 17. Finally, Mr. Hosfield admits - and PM Ag does not argue otherwise - that he cannot identify anyone else in the

industry that has used his hedging proposal. See Pl. Mot. at 11, citing Hosfield Dep. at 328 *[sic]*.[1]

Accordingly, the Court finds Mr. Hosfield's background and experience insufficient to provide him with the requisite expertise under Rule 702 to comment on potential hedging strategies that Provimi could have enacted. In addition, assuming *arguendo* that Mr. Hosfield had sufficient qualifications to provide an opinion, his methodology and analyses are not the product of reliable principles and methods and do not enjoy "general acceptance" within a "relevant scientific community." *Daubert*, 509 U.S. at 592-94.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to bar the trial testimony of Mark J. Hosfield concerning Provimi's alleged mismanagement of the pig purchase contracts and concerning hedging is **GRANTED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: January 14, 2004

---

[1] The correct citation for this testimony appears to be Hosfield Dep. at 347-48.