# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7049 | **DATE** | 8/11/2004 |
| **CASE TITLE** | Vigortone AG Products, Inc. vs. PM AG Products, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Vigortone's motion for attorney fees is GRANTED, with modification, in the amount of $2,481,596.00. Vigortone is awarded $43,418.03 in costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | AUG 1 2 2004 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | CLERK, U.S. DISTRICT COURT 2004 AUG 12 AM 8: 27 Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials |

Document Number

275

IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 1 1 2004

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

VIGORTONE AG PRODUCTS, INC.,
formerly known as Provimi
Acquisition Corporation,

                Plaintiff,

      v.

PM AG PRODUCTS, INC.,

                Defendant.

Case No. 99 C 7049

Hon. Harry D. Leinenweber

**DOCKETED**

AUG 12 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Vigortone Ag Products, Inc. (hereinafter referred to as "Vigortone") filed this suit against PM Ag Products, Inc. (hereinafter, "PM Ag") in 1999, asserting, among other things, claims of fraud and breach of contract in connection with sale of Vigortone, Inc., a former subsidiary of PM Ag. Following a trial before this Court, which resulted in a jury verdict against PM Ag for fraud and breach of contract, PM Ag appealed from the judgment against it. The Seventh Circuit reversed the fraud verdict, holding that the jury's finding of justifiable reliance lacked sufficient evidentiary basis, and remanded the case for a new trial on the breach of contract claim. At the second trial, a jury returned a verdict in favor of Vigortone in the amount of $2,100,000 on its breach of contract claim. The Court thereafter allowed $1,208,794 in prejudgment interest. Before the Court are Vigortone's motion for attorney fees and bill of costs. Vigortone requests $2,949,282 in attorney fees and $150,516.61 in costs arising from this litigation. For the

2 75

reasons stated below, the Court grants Vigortone's motion for attorney fees, with modification, in the amount of $2,481,596 and bill of costs in the amount of $43,418.03.

## I. **DISCUSSION**

### A. **Attorney Fees: Choice of Law**

The asset purchase agreement (the "Agreement") at issue here contains a general choice of law provision indicating that Delaware law should govern the entire contract. This Court previously applied Delaware law to the issue of attorney fees from the first trial, and therefore this is effectively the law of the case. See Vigortone AG Prods., Inc. v. PM AG Prods., Inc., No. 99 C 7049, 2001 U.S. Dist. LEXIS 21409, at *3-*4 (N.D. Ill. Dec. 21, 2001). In addition, the parties appear to agree that Delaware law controls the issue of attorney fees.

The Agreement requires PM Ag to "indemnify and hold [Vigortone] harmless from and against any and all losses and expenses incurred by [Vigortone] in connection with or arising from" PM Ag's breach of warranties contained in the agreement. See Agreement § 9.1. The Agreement defines expenses to include "any and all expenses reasonably incurred in connection with investigating, defending, or asserting any claim, action, suit, or proceeding" incident to any matter indemnified against under the Agreement including "reasonable fees and disbursements of legal counsel, investigators, expert witnesses, consultants, accountants, and other professionals." Agreement at 3-4.

- 2 -

Delaware courts follow the American rule holding litigants responsible for paying their own attorney fees in the absence of either statutory or contractual fee shifting. See Burge v. Fidelity Bond & Mortgage Co., 648 A.2d 414, 421 (Del. 1994). Delaware courts routinely enforce provisions of a contract allocating litigation costs, including attorney fees, arising from the breach of the contract. See Knight v. Grinnage, No. 14823, 1997 Del. Ch. LEXIS 133, at *9 (Del. Ch. 1997); Bickford v. Smithson, No. 2002-05-187, 2003 Del. C.P. LEXIS 46, at *3-*4 (Del. Ct. Com. Pl. 2003). When evaluating the reasonableness of attorney fees sought pursuant to a contract, Delaware courts employ the factors set forth in Rule 1.5 of the Delaware Lawyers' Rules for Professional Conduct. See Council of the Wilmington Condo. v. Wilmington Ave. Assocs., L.P., No. 94C-09-004, 1999 Del. Super. LEXIS 460, at *5-*7 (Del. Super. Ct. 1999); Princess Hotels, Int'l, Inc. v. Del. State Bar Ass'n, No. 95C-01-062, 1998 Del. Super. LEXIS 189, at *16-*20 (Del. Super. Ct. 1998). These factors include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience,

- 3 -

reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. Del. Prof. Cond. R. 1.5. Consistent with this Delaware law, this Court used the factors enumerated in Rule 1.5 to determine the reasonableness of attorney fees after the first trial. See Vigortone, 2001 U.S. Dist. LEXIS 21409, at *5-*6.

Vigortone argues that this Court previously erred in applying Rule 1.5 to the attorney fee provision in this case. (The Court will assume arguendo that Vigortone can properly raise this issue at this point in the litigation and therefore circumvent the law of the case doctrine. Cf. Pl. Resp. to Def. MIL No. 1, p. 7, (arguing that the law of the case precluded argument of trial court rulings that had not been disturbed on appeal)). First, Vigortone asserts that Delaware law supports this position and that Delaware courts primarily apply Rule 1.5 to statutory attorney fee awards, rather than to attorney fee awards pursuant to contractual provisions. Vigortone cites two cases from the Court of Common Pleas of Delaware to support its position. See Wright v. Quality Sec. Alarms, Inc., No. 95-09-208, 1997 Del. C.P. LEXIS 18 (Del. Ct. Com. Pl. 1997), and Feeney v. Siler, No. 96-07-0055, 1997 WL 33471244 (Del. Ct. Com. Pl. 1997)(unpublished opinion). While these cases do not explicitly mention Rule 1.5, the primary factor for determination of reasonable attorney fees discussed in each of them is essentially the fourth factor in Rule 1.5: the amount at stake and the results obtained in the litigation. See Feeney, 1997 WL 33471244, at *1; Wright, 1997

- 4 -

Del. C.P. LEXIS 18, at *1-*2. As a court may reduce an attorney fee award pursuant to a contractual provision based on this factor alone under Delaware law, see Fasciana v. Elec. Data Sys. Corp., 829 A.2d 178, 185 (Del. Ch. 2003), the lack of discussion of the other Rule 1.5 factors in some Delaware cases does not necessarily indicate that Delaware courts are reluctant to apply the Rule 1.5 factors when contract-based attorney fees are at issue. More significantly, there is affirmative case law in Delaware that explicitly applies Rule 1.5 to contractual provisions concerning attorney fees. See Council of the Wilmington Condo, 1999 Del. Super. LEXIS 460, at *5-*7; Princess Hotels, 1998 Del. Super. LEXIS 189, at *16-*20; Roven, 1991 Del. Super. LEXIS 94, at *1-*4. As a result, Vigortone's position on this issue is unpersuasive.

Vigortone also argues that the Court should not apply Rule 1.5 here because the Seventh Circuit does not apply an Illinois rule similar to Rule 1.5 in diversity cases involving contractual attorney fee provisions. See Medcom Holding Co. v. Baxter Travenol Labs., Inc., 200 F.3d 518 (7th Cir. 1999). As noted above, however, Delaware law controls here, and thus the Seventh Circuit's view of Illinois law regarding attorney fees is not pertinent.

**B. Attorney Fees: Effect of Partial Success in the Litigation**

Under Delaware law, a trial court has discretion in determining the whether an attorney fee is reasonable under Rule 1.5. See Mercedes-Benz of N. Am., Inc. v. Norman Gershman's Things to Wear, Inc., 596 A.2d 1358, 1367 (Del. 1991); Roven, 1991 Del Super. LEXIS

94, at *3. Under Rule 1.5, Delaware courts give significant weight to the result of the litigation. See Fasciana, 829 A.2d at 185; Wright, 1997 Del. C.P. LEXIS 18, at *1-*2. As the "extent of a [prevailing party's] success is a crucial factor in determining the proper amount of an attorney fee award," a court may reduce the size of the award to a prevailing party if that party only achieved partial success. Fasciana, 829 A.2d at 185 (quoting Hensley v. Eckerhart, 461 U.S. 424, 440 (1983)); see Mercedes-Benz, 596 A.2d at 166-67.

In the instant case, Vigortone seeks indemnification for attorney fees arising from a fraud in the inducement claim and five breach of warranty claims. As an initial matter, PM contends that the contractual provision providing for attorney fees incurred by Vigortone in connection with or arising from PM's breach of warranties does not allow Vigortone to recover fees for asserting a fraud claim. In Bickford, however, a Delaware court held that the responsible party was liable for attorney fees arising from both a fraud and breach of contract claims under a clause providing for attorney fees arising from "a dispute . . . under [the] contract." 2003 Del. C.P. LEXIS 46, at *5. If a fraud claim arises "under [a] contract," then it may be connected with or arise from a breach of contract under Section 9.1.

Here, the fraud claims arose from the same operative facts surrounding the warranty claims. Vigortone's fraud and breach of warranty claims were based on a single course of wrongful conduct

- 6 -

involving misrepresentations concerning the so-called pig "pass-through" program. See Bickford, 2003 Del. C.P. LEXIS 46, at *5-*6 (holding that claims alleging fraud and breach of contract resulting from conduct purported to result in a breach of contract arose from the same disputed facts). Accordingly, the Court considers the fraud claim to fall within the scope of Section 9.1.

At the end of the road, Vigortone prevailed on two of its breach of warranty claims, but lost the fraud and other breach of warranty claims. Delaware courts have adopted the guidelines set out by the Supreme Court in Hensley for calculating the proper amount of an attorney fee award where the prevailing party only partially prevails on his claims. See Mercedes-Benz, 596 A.2d at 1366; Fasciana, 829 A.2d at 184-85. Where a lawsuit consists of related claims, the prevailing party should not have its attorney fee reduced simply because it did not prevail on all of the contentions it raised. Hensley, 461 U.S. at 440. However, where the prevailing party achieved only limited success, a court should award "only the amount of fees that is reasonable in relation to the results obtained." Id. In such cases, a reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole, but the prevailing party should recover his full attorney fee if he has "obtained excellent results." Id. at 435, 440.

The Supreme Court did not articulate a precise rule or formula for the determination of whether a prevailing party has obtained

"excellent results" or limited success. See Spanish Action Comm., 811 F.2d at 1133. The trial court has discretion in making this determination. See Hensley, 461 U.S. at 437. Here, Vigortone was unsuccessful on two-thirds of its claims as it lost its fraud claim and three out of five breach of warranty claims. Of course, this is simply a numerical tally of counts and does not necessarily reflect the relative importance of the counts. However, when the Court concurrently considers the damages award, it is clear that Vigortone received only limited success. Specifically, Vigortone sought $16,000,000 in damages, but received only $2,100,000, plus $1,208,794 in prejudgment interest, resulting in a total award of $3,308,794. (PM Ag contends that Court should use the jury award without adding prejudgment interest for the purposes of Hensley analysis. However, prejudgment interest must be considered part of the damages award, provided that Vigortone did not engage in inordinate delay in prosecuting this case – which it did not. See Library of Congress v. Shaw, 478 U.S. 310, 321 (1986); Moskowitz v. Mayor & Council of Wilmington, 391 A.2d 209, 210-11 (Del. 1978)).

A court need not take a "mathematical approach comparing the total number of issues in the case with those actually prevailed upon." Mercedes-Benz, 596 A.2d at 1367 (quoting Hensley, 461 U.S. at 435). Thus, the Delaware Supreme Court has affirmed a finding of limited success resulting in a reduction in an attorney fee award when the prevailing party only lost on one of four claims. See id. at 1367. Applying this framework to the instant case, the Court

concludes that Vigortone did not obtain an excellent result, but rather achieved limited success given both the small number of claims it was successful on and the small damage award it obtained. Accordingly, Vigortone is not entitled to the full $2,949,282 in attorney fees requested, which is nearly 90% of Vigortone's total recovery. Instead, Vigortone is entitled to a discounted fee award that "is reasonable in relation to the results" obtained. Fasciana, 829 A.2d at 186.

Where the prevailing party obtains only partial relief and the number of attorney's hours reasonably expended on the litigation as a whole is excessive as compared to the results obtained, the Court may identify specific time that should be eliminated or may simply reduce the award to account for the prevailing party's limited success. See Henley, 461 U.S. at 436-37; Mercedes-Benz, 596 A.2d at 1367. Thus, Vigortone's contention that the difficulty in parsing attorney fees incurred on a claim-by-claim basis precludes the Court from reducing the attorney fee award from the fully compensatory amount requested is incorrect. The Court agrees with Vigortone that parsing expenses incurred on a claim-by-claim basis in this case would be difficult given the relatedness of the claims. Therefore, the Court elects simply to reduce the attorney fee award to an amount that is reasonable in relation to the results Vigortone obtained in this litigation.

In considering Vigortone's first motion for attorney fees after the first trial, this Court concluded that the fees Vigortone

requested did not run afoul of any of the Rule 1.5 factor except for the fourth factor addressing the amount involved and the results obtained in the litigation. Vigortone AG Prods., 2001 U.S. Dist. LEXIS 21409, at *6. Likewise, nothing in the record indicates that the requested fees incurred after that point could be considered unreasonable under any factor other than the fourth one. However, considerations of the amount involved and the results obtained in the litigation alone are sufficient to warrant a reduction in a fee award below a fully compensatory amount. See Fasciana, 829 A.2d at 185.

Following the first trial, the Court determined that a fee award representing one-third of recovery on the contract claim was appropriate. The Court, of course, is not bound to the one-third determination in the present instance because the litigation has evolved and changed dramatically since the first trial.

Specifically, a substantial amount of the attorney fees incurred by Vigortone since the first trial were the result of motion practice addressing complex legal and evidentiary issues that resulted from the appellate decision. In addition, the Court notes that PM Ag forced Vigortone to relitigate several issues. When the losing party litigates tenaciously, causing the prevailing party to incur additional attorney fees, courts account for the additional fees in crafting the attorney fee award. See City of Riverside v. Rivera, 477 U.S. 561, 581 n.11 (1986); Kallman v. Tandy Corp., No. 99 C 490, 2001 U.S. Dist. LEXIS 7794, at *4 (N.D. Ill. June 11, 2001). The significant attorney fees that Vigortone incurred to get this case to

a second trial may not be reflected in the actual jury award. But without these substantial efforts in the face of a tenacious opponent, the results in this case may have been significantly worse. Thus, the Court finds that a reduction of 25 percent (one-fourth) of the total award is appropriate here, resulting in an award of $2,481,596.

### C. Attorney Fees: Other Issues

PM Ag argues that its $3,000,000 settlement offer – which Vigortone refused – reduces the recovery of attorney fees and related costs. Under Rule 68 of the Federal Rules of Civil Procedure, a plaintiff is required to pay costs incurred after a settlement offer made by the defendant, if the plaintiff rejects the offer, but obtains a less-favorable judgment. See FED. R. CIV. P. 68. For an offer of judgment to be valid, it must be made more than ten days before the start of trial and must be served upon the plaintiff. See id. Here, PM Ag's offer was made less than one week before the start of the second trial. In addition, PM Ag made its offer orally. Thus, the offer does not fall under the purview of Rule 68. Furthermore, Vigortone recovered a total of $3,308,794 – a sum greater than PM Ag's offer. Accordingly, the Court finds that there is no justification for subtracting fees and expenses incurred after the settlement offer from the attorney fee award.

PM Ag also argues that Vigortone's recovery of expert fees should be reduced because such fees were excessive. (The contract allows indemnification for reasonable expert witness fees. See

Agreement at 3-4.) The nature of the expert testimony shifted, for good cause, after the first trial, and the Court generally finds that the expert witness fees were reasonable and thus declines to reduce the fee award on these grounds.

## D. Bill of Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that the prevailing party is entitled to costs other than attorney fees as a matter of course unless the court otherwise directs. While the ultimate decision concerning the award of taxable costs is within the discretion of the trial court, there is a strong presumption in favor of awarding costs to the prevailing party. See, e.g., Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 945 (7th Cir. 1997). 28 U.S.C. § 1920 (2000) specifies the costs that may be recovered pursuant to Rule 54(d)(1). The costs explicitly allowed by § 1920 are: (1) fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court appointed experts and interpreters. Id. To award costs to a prevailing party, the Court needs to determine that the expenses are allowable cost items pursuant to relevant statutes and that the amounts are reasonable and necessary to the litigation. See Deimer v. Cincinnati Sub-Zero Prods., Inc., 58 F.3d 341, 345-46 (7th Cir. 1995).

The inquiry as to the reasonableness of costs is independent of the determination of the reasonableness of an attorney fee award, and

the Court need not reduce the costs awarded because it reduced the attorney fee award on the grounds of limited success. See id. at *12.

### 1. Costs Related to the Retrial

#### a. Trial Transcripts

The trial transcripts were obtained on a daily basis. Vigortone claims that daily copy of the trial transcript was necessary for it to prepare the examination of its own witnesses, to cross-examine PM's witnesses, to argue evidentiary issues, to prepare its response to PM's motions for judgment as a matter of law, and to prepare for closing arguments. The additional cost of daily trial transcripts is reasonable and necessary when they are necessary for, among other things, direct and cross examination of witnesses and to respond to the opposing party's motions. See Majeske v. City of Chi., 218 F.3d 816, 825 (7th Cir. 2000). Accordingly, the Court accepts Vigortone's unchallenged explanation regarding the necessity of the daily trial transcripts and finds that the additional cost of expedited trial transcripts was reasonably necessary. See Canal Barge Co. v. Commonwealth Edison Co., No. 98 C 0509, 2003 U.S. Dist. LEXIS 6643, at *5 (N.D. Ill. Apr. 16, 2003).

The costs of trial or deposition transcripts shall not exceed the regular copy rate as established by the Judicial Conference of the United States that was in effect at the time the transcript was taken. N.D. Ill. L.R. 54.1(b); see Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455-56 (7th Cir. 1998). The Judicial Conference

has established $5.50 as the rate per page for a daily original transcript, $1.10 per page for the first copy of a daily transcript, and $0.83 per page for each additional copy to the same party. See United States District Court, Northern District of Illinois Maximum Transcript Rates at http://www.ilnd.uscourts.gov/CLERKS_OFFICE/Crt Reporter/trnscrpt.htm (Feb. 28, 2003)(using rates established by the Judicial Conference). Here, the transcription and copying costs requested by Vigortone are at the maximum rates established by the Judicial Conference. Accordingly, the requested trial transcript costs of $4,115.72 are reasonable and are awarded.

### b. Deposition Transcripts

The Judicial Conference has established $3.30 as the rate per page for a normal original deposition transcript, $0.83 per page for the first copy of a daily transcript, and $0.55 per page for each additional copy to the same party. See McDonald v. Vill. of Winnetka, No. 00 C 3199, 2003 U.S. Dist. LEXIS 7204, at *3 (N.D. Ill. Apr. 29, 2003)(using rates established by the Judicial Conference). Vigortone claims costs incurred for transcripts of the depositions noticed and taken by PM following remand. Although the invoices submitted by Vigortone identify these transcripts as copies (Cauley Aff. Ex. B), Vigortone claims costs for them at rates significantly above the established maximum of $0.83 per page. The Court will reduce these costs accordingly.

The invoices submitted by Vigortone indicate that it obtained a copy of a daily transcript of one of the depositions taken by PM Ag,

- 14 -

that of Marvin Hayenga. (Cauley Aff. Ex. B.) Vigortone does not attempt to justify the increased cost of a daily transcript in for this deposition. Absent any explanation for the necessity of a daily transcript, Vigortone is only entitled to recover at the regular rate. See, e.g., Fait v. Hummel, No. 01 C 2771, 2002 U.S. Dist. LEXIS 21012, at *4-*5 (N.D. Ill. Oct. 28, 2002). Therefore, the Court awards Vigortone costs relating to transcripts of depositions taken by PM at $0.83 per page, the regular rate for the first copy of a transcript.

Vigortone seeks costs for ASCII disks of several deposition transcripts. Absent a showing that ASCII disks were reasonable and necessary, courts consider them to be "merely for the attorney's convenience and [unnecessary for] litigating the case." Antonson v. United Armored Servs., Inc., No. 00 C 4095, 2002 U.S. Dist. LEXIS 8039, at *5 (N.D. Ill. May 3, 2002); see, e.g., Canal Barge, 2003 U.S. Dist. LEXIS 6643, at *7; Fait, 2002 U.S. Dist. LEXIS 21012, at *5-*6. As Vigortone provides no justification for requesting costs for ASCII diskettes, it has failed to demonstrate that ASCII disks were reasonable and necessary. Accordingly, the Court denies costs associated with ASCII diskettes.

Vigortone also claims costs associated with deposition exhibit copies. Courts deny such costs unless the costs are essential to understanding an issue in the case. See id. at *6. As Vigortone provides nothing to indicate such an essential need, the Court

declines to award Vigortone costs related to deposition exhibit copies. See id.

Vigortone contends that delivery charges for the deposition transcripts are recoverable. The Court may, in its discretion, award costs incidental to the taking of depositions including delivery charges. See Finchum v. Ford Motor Co., 57 F.3d, 526, 534 (7th Cir. 1995). However, under the Judicial Conference guidelines, postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts. See, e.g., McDonald, 2003 U.S. Dist. LEXIS 7204, at *4-*5; Fait, 2002 U.S. Dist. LEXIS 21012, at *6-*7; Antonson, 2002 U.S. Dist. LEXIS 8039, at *4. Accordingly, the Court denies costs for delivery charges.

Vigortone claims an administrative fee for each deposition taken. Courts consider administrative fees relating to deposition transcripts to be an ordinary business expense and do not allow a prevailing party to recover costs for them. See, e.g., Franzen v. Ellis Corp., 03 C 0641, 2004 U.S. Dist. LEXIS 2064, at *7 (N.D. Ill. Feb. 11, 2004); Angevine v. Watersaver Faucet Co., No. 02 C 8114, 2003 U.S. Dist. LEXIS 23113, at *16 (N.D. Ill. Dec. 22, 2003). Thus, costs for administrative fees are denied.

Vigortone may recover reasonable court reporter attendance fees as part of the reasonable and necessary costs in obtaining a deposition transcript. See, e.g., Fait, 2002 U.S. Dist. LEXIS 21012, at *7. The court reporter attendance fees claimed by Vigortone are reasonable and are awarded.

The Court awards attendance fees and transcript costs totaling $2,153.34 as follows:

| Deponent | Original/ Copy | Pages | Cost Per Page | Total Pages | Attendance Fee | Total |
|---|---|---|---|---|---|---|
| Mark Hosfield (12/2/03) | Original | 385 | $3.30 | $1,270.50 | $267.75 | $1,538.25 |
| Mark Hosfield (12/5/03) | Original | 30 | 2.93 | 87.90 | 76.50 | 164.40 |
| Paul Charnetzki | Copy | 101 | 0.83 | 83.83 | 0.00 | 83.83 |
| Richard Fisher | Copy | 144 | 0.83 | 119.52 | 0.00 | 119.52 |
| Daniel Scheeler | Copy | 181 | 0.83 | 150.23 | 0.00 | 150.23 |
| Marvin Hayenga | Copy | 117 | 0.83 | 97.11 | 0.00 | 97.11 |

TOTAL:  $2,153.34

### c.  Exemplification and Copies

Vigortone claims $22,772.35 in photocopying costs and $33,884.01 in exemplification costs for demonstrative exhibits used during the retrial.  Section 1920 expressly authorizes an award of costs for "exemplification and copies of papers necessarily obtained for use in the case."  The phrase "for use in the case" refers to materials "actually prepared for use in presenting evidence to the court" in the case. McIlveen v. Stone Container Corp. 910 F.2d 1581, 1584 (7th Cir. 1990)(quoting Equal Employment Opportunity Comm. v. Kenosha Unified Sch. Dist. No. 1, 620 F.2d 1220, 1227-28 (7th Cir. 1980)). Costs for copies used "solely for attorney convenience" and not for "use in the case" are not recoverable.  See Alexander v. CIT Tech. Fin. Servs., Inc., 222 F. Supp. 2d 1087, 1089 (N.D. Ill. 2002).  In proving that copies were necessary for use in the case and not made solely for attorney convenience, a party need not submit a "description so detailed as to make it impossible economically to

- 17 -

recover photocopying costs." Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991). Thus, a party is not required to submit a bill of costs itemizing each document copied. See Glenayre Elecs., Inc. v. Jackson, No. 02 C 0256, 2003 U.S. Dist. LEXIS 14046, at *9 (N.D. Ill. Aug. 8, 2003), aff'd, 95 Fed. Appx. 344 (Fed. Cir. 2004). However, a party is required to "provide the best breakdown obtainable from retained records in order to make the required showing of necessity." Id. Specifically, a prevailing party is required to "come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case." Id. at *10. Thus, a chart identifying the nature of the document copied, the number of service copies prepared, the number of pages, the copying cost per page, and total copying cost is sufficient to satisfy the requirements for reimbursement for photocopying costs set forth by the Seventh Circuit in Northbrook Excess & Surplus. See In re Brand Name Prescription Drugs Antitrust Litig., No. 94 C 897, MDL 997, 1999 U.S. Dist. LEXIS 14705, at *16-*17 (N.D. Ill. Aug. 31, 1999).

To recover costs for photocopying expenses, "a prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." Le Moine v. Combined Communications Corp., No. 95 C 5881, 1996 U.S. Dist. LEXIS 10838, at *7 (N.D. Ill. July 30, 1996). Thus, where the court is unable to determine whether photocopies were reasonable or necessary for use in a case, a claim

for costs should be denied. E.g., Glenayre Elecs., 2003 U.S. Dist. LEXIS 14046, at *12 (citing Place v. Abbott Labs., Inc., No. 94 C 5491, 1999 U.S. Dist. LEXIS 11900, at *13 (N.D. Ill. July 27, 1999)); Am. Auto., Accessories, Inc. v. Fishman, 991 F. Supp. 995, 997 (N.D. Ill. 1998). A court is unable to determine whether copies of documents are necessary for the presentation of evidence to the court and should deny photocopying costs where the prevailing party fails to address the purpose of the copies, whether multiple copies were made of the same documents, or what documents were copied. See Leggett & Platt, Inc. v. Hickory Springs Mfg. Co., 149 F. Supp. 2d 394, 397 (N.D. Ill. 2001).

Here, Vigortone has failed to disclose any information concerning the nature of the documents copied, what documents were copied, whether multiple copies were made of the same documents. In its affidavit and attached invoices, Vigortone indicates the cost per page of in-house photocopying and breaks down its request for photocopying costs by indicating the costs incurred each month during the litigation. However, Vigortone does not list the cost per page of photocopying by outside vendors other than asserting that the cost per page is within the range considered reasonable by courts. (Cauley Aff. at 6.) Thus, it is impossible for the Court to glean the number of pages actually copied, a detail that this Court has required for recoupment of photocopying charges from the information provided by Vigortone. See Glenayre Elecs., 2003 U.S. Dist. LEXIS 14046, at *11 Furthermore, in Glenayre Electronics, this Court held

that unlike a detailed affidavit explaining the nature of and use or intended use of the documents copied, the prevailing party's assertion that the photocopies were "related to motions, memoranda, exhibits, etc." was not evidence and was not a sufficient showing that the copies were necessary or reasonable for use in the case. Id. at *12. Thus, Vigortone's assertion that the photocopying was performed in connection with motions, discovery, pleadings, and exhibits does not warrant a finding that the copies were necessary or reasonable for use in the case. Accordingly, the Court denies Vigortone's request for photocopying costs in its entirety.

As is the case for photocopying, in determining whether to award costs for exemplification, the Court must decide whether the exemplification "was necessarily obtained for use in the case." Cefalu v. Vill. of Elk Grove, 211 F.3d 416, 428 (7th Cir. 2000). To evaluate the necessity of an exemplification, the Court looks to whether the nature and context of the information being presented required the means of illustration that the party employed. See id. A court is able to determine whether an exemplification is necessary and awarded exemplification costs for exhibits used at trial if appropriate when the prevailing party identifies the materials produced for use at trial, the work performed in creating the exhibits, and the number of hours performed on specific tasks involved in creating the exhibits. See Interclaim Holdings, Ltd. v. Ness, Motley, Loadholt, Richardson & Poole, No. 00 C 7620, 2004 U.S. Dist. LEXIS 4470, at *11 (N.D. Ill. Mar. 22, 2004). In addition,

although the bill of costs need not be so detailed as to make recovery of costs prohibitive, the prevailing party is expected to enumerate the costs associated with different types of exhibits. See In re Brand Name Prescription Drugs Antitrust Litig., 1999 U.S. Dist. LEXIS 14705, at *19-*20. When the prevailing party does not identify the exhibits it is claiming costs for, a court should deny awarding costs for the exhibits because it is impossible to determine whether the costs were necessary for use in the case. See Fait, 2002 U.S. Dist. LEXIS 21012, at *14-*15. Conclusory assertions that trial exhibit costs were necessary do not aid a court in assessing the necessity of the costs and determining whether to award exemplification costs. See id. at *15.

In the instant case, Vigortone only provides the total costs it claims for the demonstrative exhibits used at trial and an assertion that they were "necessarily obtained for use in the retrial." (Cauley Aff. at 6.) Vigortone does not identify the exhibits or types of exhibits used or the work performed in creating them and makes no attempt to enumerate costs. From the information provided by Vigortone, it is impossible for the Court to determine whether the exhibits were necessary for use in the case. Therefore, the Court declines to award exemplification costs.

d. Witnesses

Section 1920(3) allows costs to be awarded for witness fees that are specified in 28 U.S.C. 1821 (2000). Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc., No. 00 C 6402, 2004 U.S. Dist.

LEXIS 12742, at *12 (N.D. Ill. July 7, 2004). The Seventh Circuit has concluded that read together, these sections authorize the award of costs to reimburse witnesses for reasonable travel and subsistence expenses. See Majeske, 218 F.3d at 825-26. Section 1821(c)(1) allows for actual travel expenses via common carrier, and § 1821(c)(2) provides a mileage allowance for witnesses who travel by their own vehicles set by the Administrator of General Services. This mileage allowance is $0.36 per mile. See Shah v. Vill. of Hoffman Estates, No. 00 C 4404, 2003 U.S. Dist. LEXIS 14135, at *5 (N.D. Ill. Aug. 12, 2003). Section 1821(d) limits the maximum per diem allowance for subsistence including food and lodging to that prescribed for the locale by the Administrator of General Services. See Petit v. City of Chi., No. 90 C 4984, 2003 U.S. Dist. LEXIS 18278, at *31 (N.D. Ill. Oct. 9, 2003). In Chicago, the rate is $205 per day. Nat'l Diamond Syndicate, 2004 U.S. Dist. LEXIS 12742, at *13.

Under this framework, all of the witness travel costs claimed by Vigortone are reasonable and will be awarded. The Court also awards costs for subsistence of witnesses, but limits such awards to the maximum per diem allowance of $205 per day. The court awards costs for witness expenses totaling $10,043.60 as follows:

| Witness | Days | Travel | Subsistence | Total |
|---------|------|--------|-------------|-------|
| Richard Fisher | 1 | $175.36 | $201.08 | $376.44 |
| Cor Kik | 4 | 3,464.64 | $820.00 | 4,284.64 |
| Larry Schaab | 6 | 3,615.82 | $1,230.00 | 4,845.82 |
| Daniel Scheeler | 1 | 331.70 | $205.00 | 536.70 |

TOTAL: $10,043.60

The court awards Vigortone a total of $16,312.66 in costs related to the retrial.

## 2. Costs Related to the First Trial

A party that prevails at a retrial is normally entitled to an award of costs for both the original trial and the retrial. *See Meder v. Everest & Jennings, Inc.*, 553 F. Supp. 149, 150 (E.D. Mo. 1982); *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964). Thus, Vigortone correctly asserts that it is entitled to costs stemming from the first trial. Although the Court entered a cost award after the first trial, *Vigortone*, 2001 U.S. Dist. LEXIS 21409, at *2-*3, the Court's judgment and determination of costs were upset by the Seventh Circuit's reversal of the first trial judgment, *Vigortone*, 316 F.3d at 649; *see Farmer*, 379 U.S. at 233. Thus, the Court has no duty to adopt the previous cost award for expenses related to the first trial, *see id.*, and elects to consider the amount of costs that should be awarded for the first trial anew.

### a. Transcripts

The costs awarded for transcripts shall not exceed the regular copy rate as established by the Judicial Conference of the United States that was in effect at the time the transcript was taken. N.D. Ill. L.R. 54.1(b); *see Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455-56 (7th Cir. 1998). At the time of the first trial in 2001, the established rates were $5.00 per page for a daily transcript, $4.00 per page for an expedited transcript, $3.00 per page for an ordinary original transcript, $1.00 per page for a copy of a daily

transcript and $0.75 per page for additional copies, and $0.75 per page for a copy of an ordinary or expedited transcript and $0.50 per page for additional copies. *See id.* at 456; *Fait,* 2002 U.S. Dist. LEXIS 21012, at *3-*4. Thus, the Court will impose these maximum rates for transcripts obtained in connection with the first trial.

Vigortone claims costs incurred for obtaining transcripts of pre-trial hearings. Costs for transcripts of pretrial hearing are awarded if it was reasonably necessary for the prevailing party to obtain them. *See Brandenburger v. N.E. Ill. Reg'l Commuter R.R.,* No. 01 C 7769, 2003 U.S. Dist. LEXIS 22770, at *13 (N.D. Ill. Dec. 16, 2003). Vigortone claims that the transcripts were necessary to provide a written record of the Court's oral rulings on various motions. When rulings that are made at pre-trial hearings are not documented in written orders, it is reasonably necessary to obtain transcripts of the hearings to protect against later disputes concerning the metes and bounds of the district judge's rulings. *See id.* Accordingly, Vigortone was reasonable to obtain transcripts of the pre-trial hearings and is entitled to costs for them. Vigortone claims cost for an expedited transcript of one pre-trial hearing. However, Vigortone does not attempt to justify the increased cost of an expedited transcript in for this hearing. Absent any explanation for the necessity of a daily transcript, Vigortone is only entitled to recover at the regular rate. *See, e.g., Fait v. Hummel*, No. 01 C 2771, 2002 U.S. Dist. LEXIS 21012, at *4-*5 (N.D. Ill. Oct. 28, 2002). Thus, the Court awards costs for all of the pre-trial

transcripts obtained by Vigortone at the established regular rate of $3.00 per page totaling $45.00.

Vigortone next seeks costs for trial transcripts and obtained some expedited and some ordinary trial transcripts. Vigortone provides the same explanation justifying the additional expense of expedited transcripts that the Court accepted for the use of daily trial transcripts in the first trial. The transcription and copying costs requested by Vigortone are at the maximum rates established by the Judicial Conference. Accordingly, the requested trial transcript costs of $4,591.50 are reasonable and are awarded.

Vigortone also requests costs for transcripts of depositions obtained in connection with the first trial. Costs for transcription at rates at or below the established rates are awarded. For deposition transcripts that Vigortone has requested compensation for at a rate higher than that established by the Judicial Conference as the maximum, costs are awarded at the established rate. As it did in its request for costs associated with the retrial, Vigortone claims costs for expedited transcripts, ASCII disks, and exhibit reproduction associated with depositions without any explanation of their necessity. Thus, for the reasons described above, the Court denies these costs. Vigortone also requests Min-U-Scripts, interactive electronic copies, and signature procurement for some deposition transcripts. Costs for these items are only awarded when the prevailing party shows that they were reasonable and necessary rather than merely convenient. *Id.* at *5–*7. As Vigortone fails to

attempt to justify these costs, the court denies them. As it did when considering the costs associated with the retrial, the Court denies costs for delivery charges and administrative or processing fees because these fees constitute ordinary business expenses. The court reporter attendance fees claimed by Vigortone in connection with the first trial are reasonable and are awarded.

The Court awards attendance fees and transcript costs totaling $8,576.30 as follows:

| Deponent | Original/ Copy | Pages | Cost Per Page | Total Pages | Attendance Fee | Total |
|---|---|---|---|---|---|---|
| Gerald Daignault | Original | 286 | $2.93 | $837.98 | $248.63 | $1,086.61 |
| Michael Reed | Original | 234 | 2.93 | 685.62 | 210.38 | 896.00 |
| Richard Coffey | Original | 169 | 3.00 | 507.00 | 267.75 | 774.75 |
| George Daignault | Original | 88 | 3.00 | 264.00 | 95.63 | 359.63 |
| Laura Zielinski | Original | 72 | 2.93 | 210.96 | 76.50 | 287.46 |
| Timothy Davis | Original | 271 | 2.93 | 794.03 | 248.63 | 1,042.66 |
| James Hoeg | Original | 128 | 2.93 | 375.04 | 114.75 | 489.79 |
| James Lee | Original | 44 | 2.93 | 128.92 | 76.50 | 205.42 |
| Robert Rome | Original | 229 | 2.93 | 670.97 | 248.63 | 919.60 |
| Kevin Dhuyvetter | Original | 249 | 3.00 | 747.00 | 210.38 | 957.38 |
| Wim Roost/ Larry Schaab | Copy | 327 | 0.75 | 245.25 | 0.00 | 245.25 |
| Cor Kik/ Bert Oosdam | Copy | 298 | 0.75 | 223.50 | 0.00 | 223.50 |
| Stouffel Flikweert | Copy | 94 | 0.75 | 70.50 | 0.00 | 70.50 |
| Robert Allen (7/14/00) | Copy | 225 | 0.75 | 168.75 | 0.00 | 168.75 |
| Robert Allen (10/19/00) | Copy | 68 | 0.75 | 51.00 | 0.00 | 51.00 |
| William Hillis | Copy | 147 | 0.75 | 110.25 | 0.00 | 110.25 |
| John Shehorn | Copy | 187 | 0.75 | 140.25 | 0.00 | 140.25 |
| Bonnie Hinrichs | Copy | 111 | 0.75 | 83.25 | 0.00 | 83.25 |
| Steven Beck | Copy | 86 | 0.75 | 64.50 | 0.00 | 64.50 |
| Duke Daughtery | Copy | 214 | 0.75 | 160.50 | 0.00 | 160.50 |
| Terrence Quinlan | Copy | 82 | 0.75 | 61.50 | 0.00 | 61.50 |
| Paul Charnetzki | Copy | 117 | 0.75 | 87.75 | 0.00 | 87.75 |
| Lawrence Levine | Copy | 120 | 0.75 | 90.00 | 0.00 | 90.00 |

TOTAL: $8,576.30

### b.  Exemplification and Copies

Vigortone provides the Court with the same information concerning exemplification and photocopying costs in its request for costs arising from the first trial as it did in its request for costs related to the second trial.  As discussed above, the Court is unable to determine whether the photocopying and exemplification were reasonable or necessary for use in the case.  Accordingly, the Court denies Vigortone's request for photocopying and exemplification costs arising from the first trial.

### c.  Witnesses

Vigortone requests costs relating to witnesses arising from the first trial.  Vigortone is entitled to costs stemming from the $40 per day attendance fee allowed by § 1821(b).  See National Diamond Syndicate, 2004 U.S. Dist. LEXIS, at *12.  All of the witness travel costs claimed by Vigortone in connection with the first trial are reasonable and will be awarded.  The Court also awards costs for subsistence of witnesses, but limits such awards to the maximum per diem allowance of $205 per day.  The Court awards costs for witness expenses totaling $13,522.57 as follows:

| Witness | Days | Travel | Subsistence | Total |
|---|---|---|---|---|
| Robert Allen | 3 | $404.50 | $615.00 | $1,019.50 |
| Steven Beck | 6 | 276.51 | 714.88 | 991.39 |
| William Hiilis | 2 | 192.20 | 94.00 | 286.20 |
| TerrenceQuinlan | 1 | 474.00 | 12.50 | 486.50 |
| Stoffel Flikweert | 4 | 1,434.31 | 820.00 | 2,254.31 |
| Larry Schaab | 6 | 3,108.94 | 1,230.00 | 4,338.94 |
| Wim Troost | 1 | 3,860.73 | 205.00 | 4,065.73 |
| James Hoeg | X | 0.00 | 0.00 | 40.00 |
| Kenneth Schultz | X | 0.00 | 0.00 | 40.00 |

### b. *Exemplification and Copies*

Vigortone provides the Court with the same information concerning exemplification and photocopying costs in its request for costs arising from the first trial as it did in its request for costs related to the second trial. As discussed above, the Court is unable to determine whether the photocopying and exemplification were reasonable or necessary for use in the case. Accordingly, the Court denies Vigortone's request for photocopying and exemplification costs arising from the first trial.

### c. *Witnesses*

Vigortone requests costs relating to witnesses arising from the first trial. Vigortone is entitled to costs stemming from the $40 per day attendance fee allowed by § 1821(b). *See National Diamond Syndicate*, 2004 U.S. Dist. LEXIS, at *12. All of the witness travel costs claimed by Vigortone in connection with the first trial are reasonable and will be awarded. The Court also awards costs for subsistence of witnesses, but limits such awards to the maximum per diem allowance of $205 per day. The Court awards costs for witness expenses totaling $13,522.57 as follows:

| Witness | Days | Travel | Subsistence | Total |
|---|---|---|---|---|
| Robert Allen | 3 | $404.50 | $615.00 | $1,019.50 |
| Steven Beck | 6 | 276.51 | 714.88 | 991.39 |
| William Hiilis | 2 | 192.20 | 94.00 | 286.20 |
| TerrenceQuinlan | 1 | 474.00 | 12.50 | 486.50 |
| Stoffel Flikweert | 4 | 1,434.31 | 820.00 | 2,254.31 |
| Larry Schaab | 6 | 3,108.94 | 1,230.00 | 4,338.94 |
| Wim Troost | 1 | 3,860.73 | 205.00 | 4,065.73 |
| James Hoeg | X | 0.00 | 0.00 | 40.00 |
| Kenneth Schultz | X | 0.00 | 0.00 | 40.00 |

TOTAL:    $13,522.57

### d. Other Costs

Vigortone claims $225.00 for fees of the clerk, $125.00 for fees for service of process, and $20 in docket fees. As Vigortone has provided evidence substantiating these costs and PM does not dispute them, the Court awards these costs in full totaling $370.00. *See National Diamond Syndicate*, 2004 U.S. Dist. LEXIS 12742, at *5-*6.

The Court awards Vigortone $27,105.37 in costs for the first trial and a total of $43,418.03 in costs arising from this litigation.

## II.  CONCLUSION

Based on the foregoing, Vigortone's motion for attorney fees is **GRANTED**, with modification, in the amount of $2,481,596.00. For the reasons give above, Vigortone is awarded $43,418.03 in costs. **IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: *August 11, 2004*